On Application for Rehearing
PER CURIAM:
Plaintiff appellant Mrs. Talita B. Cox filed an application for a rehearing setting forth the reasons therefor, some of which we will now clarify.
The first complaint is that the Opinion of this Court stated “In the prior suit this Court affirmed the judgment of the Lower Court dismissing plaintiff’s suit on the grounds that she was arbitrary and was seeking the performance of work that was not contemplated in the contract. See 162 So.2d page 18.” The Supreme Court of Louisiana granted writs in this case and rendered judgment reinstating the judgment of this Court and holding the same. See Cox v. W. L. Aldrich and Company, 247 La. 797, 174 So.2d 634.
They urge in the application for rehearing that this was in error and that the Supreme Court affirmed the decision of this Court on other grounds. We find that we were in error and the Supreme Court in Cox v. W. R. Aldrich and Company, supra, held as follows:
“[2] We might well resolve this conflict in the evidence by merely deferring to the finding of the trial judge. However, our examination of the whole of plaintiff’s testimony convinces us that she never unconditionally accepted the advantages stipulated by the defendant in her favor. Throughout such testimony is the assertion that she was willing for the defendant to carry out her understanding of her agreement with the Highway Department (not that she would permit *316 Aldrich to change the ten feet of the building in accordance with its contract) which was that, besides the building’s alteration, her gasoline pumps would be moved back, the property would be graded to conform to the new road level, and entrances and driveway approaches into the front of her building would be constructed.”
The next complaint of plaintiff appellant was the failure of the Court to pass on the ruling of the Trial Judge in refusing to make the defendant answer certain interrogatories propounded to it, seeking information concerning the amount of the bids and especially the amount of the work to be performed for the item of work of alterations and repairs to plaintiff’s property.
The Trial Judge relieved the Department of Highways from answering these interrogatories on the grounds that they were not pertinent to the issues involved and maintained the objections.
We feel that the Trial Judge was correct in his ruling and do not see where the testimony would have been pertinent. The Judge did admit the testimony concerning the $2000.00 which was bid by W. R. Aid-rich and Company, the successful bidder, to perform this work and which sum was offered to the plaintiff in lieu of an attempt to perform the work to her satisfaction.
The Trial Judge correctly ruled that the bid of plaintiff’s witness Mr. Mabry Hebert was totally unacceptable and he gave an estimate of $8000.00 with no details as to how he arrived at this figure and what it covered. It seems to us that plaintiff could have had other contractors give an estimate of what this was worth in detailed form which would give the Court something on which to base its award. Plaintiff was attempting to prove the value of the work required for this item by the bids of unsuccessful bidders. We do not think this would have been proper evidence. The plaintiff could have summonsed these contractors as witnesses but failed to do so.
We base the award of $2000.00 because that was the only evidence acceptable on which we could give anything at all.
For these reasons and with these explanations and corrections we feel that our judgment is correct and motion for rehearing is hereby denied.